## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SAHIRAH ROSS, | ) | |
| | ) | Case No.   16-CV-1958 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| NAVIENT SOLUTIONS, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, SAHIRAH ROSS, by and through her attorneys, and for her Complaint against the Defendant, NAVIENT SOLUTIONS, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and/or 1337.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in Cleveland, Ohio.

5.      On information and belief, Defendant is corporation of the State of Delaware, which is licensed to do business in Ohio, and which has its principal place of business at 123 Justison Street, Wilmington, Delaware 19801.

6.      Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

7.      Defendant is a "person" as defined in 47 U.S.C. § 153(39).

**FACTS COMMON TO ALL COUNTS**

8.      On June 29, 2016, Plaintiff mailed a letter to Defendant, which was delivered to Defendant on July 1, 2016. A copy of said letter is attached hereto as Exhibit A.

9.      Said letter requested that Defendant immediately stop placing telephone calls to Plaintiff at any number, including her cellular/mobile telephone.

10.      Despite having received Plaintiff's request that it cease placing calls to Plaintiff's cellular/mobile telephone, Defendant continued to place such telephone calls to Plaintiff. The calls were placed by Defendant, on information and belief, in attempts to collect an alleged debt. As of the filing of this Complaint, Defendant has yet to cease placing such calls to Plaintiff's cellular/mobile telephone.

11.      Often when Plaintiff did answer telephone calls from Defendant, there was a lengthy pause before the Defendant's representative would speak making it appear as though each call was artificially generated by an automated dialer system.

12.      Said telephone calls were placed to Plaintiff by Defendant on dates which include, but are not limited to, the following (i.e. this list not intended to be exhaustive; additional calls may have been placed by Defendant to Plaintiff on dates other than those listed below):

       a.      July 1, 2016
       b.      July 5, 2016
       c.      July 6, 2016;
       d.      July 7, 2016
       e.      July 8, 2016 (2 calls)
       f.      July 9, 2016
       g.      July 12, 2016 (2 calls)
       h.      July 13, 2016 (2 calls)
       i.      July 14, 2016 (2 calls)
       j.      July 15, 2016
       k.      July 18, 2016
       l.      July 19, 2016

2

    m.    July 20, 2016
    n.    July 21, 2016 (2 calls)
    o.    July 22, 2016 (4 calls)
    p.    July 23, 2016
    q.    July 25, 2016 (2 calls)
    r.    July 26, 2016 (4 calls)
    s.    July 27, 2016

13.    As a result of Defendant's actions as outlined above, Plaintiff has and continues to suffer concrete harm, including but not limited to, stress, aggravation, frustration, emotional distress and mental anguish.

## COUNT I

14.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 13 above as if reiterated herein.

15.    On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

16.    On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

17.     On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

18.    Plaintiff did not give Defendant her express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact him in this manner was terminated and revoked.

3

19.     Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

20.     Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

21.     The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

22.     As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

b.      Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

c.      Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

23.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 and 15 through 20 above as if reiterated herein.

24.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

25.     As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

b.     Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

c.     Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d.     Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

SAHIRAH ROSS

By:    /s/ David B. Levin
         Attorney for Plaintiff

David B. Levin
Ohio Attorney No. 0059340
Law Offices of Todd M. Friedman, P.C.
One South Dearborn Street, Suite 2100
Chicago, IL 60603
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com